**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MARKUS MORAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-776-TWP-DML |
| | ) | |
| JACK FINAN, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Directing Further Proceedings**

This matter is before the Court on a petition for writ of habeas corpus (Dkt. No. 1). Unfortunately, the pleading is confusing and the grounds on which Petitioner claims he is being held unlawfully are not clear. "District courts should not have to read and decipher tomes disguised as pleadings." *Lindell v. Houser*, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). The unclear claims, together with the fact that a notice pleading does not suffice in an action for habeas corpus relief, *see Lloyd v. Van Natta,* 296 F.3d 630, 633 (7th Cir. 2002), requires a renewed effort.

"A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472

U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

In view of the foregoing, petitioner Moran shall have **through June 29, 2011,** in which to **file an amended petition for a writ of habeas corpus** which coherently sets forth his claim(s) for relief. He is obligated to do nothing less. *Mayle v. Felix,* 545 U.S. 644, 661 (2005) ("Habeas Corpus Rule 2(c) . . . instructs petitioners to 'specify all available grounds for relief' and to 'state the facts supporting each ground.'"). By "claims" as used in this setting are meant the recognized principles of law which, as applied to the facts and circumstances of the challenged disciplinary proceeding, show that proceeding to have been deficient or violative of the petitioner's rights.

**IT IS SO ORDERED.**

Date: _____06/22/2011_____

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Markus Moran
#132498
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN  46064